# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| ALYSSA D. BUSTAMANTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-CV-04221-BCW |
| | ) | |
| ANGELA MESMER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## OPINION

Before the Court is Petitioner Alyssa D. Bustamante's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody. (Doc. #1). The Court, being duly advised of the premises, denies said petition for habeas relief.

## BACKGROUND

On February 8, 2012, Petitioner was sentenced in the Circuit Court of Cole County, Missouri to life imprisonment with the possibility of parole, with a consecutive custodial sentence of thirty years. This sentence is based on Petitioner's guilty plea to second-degree murder and armed criminal action.

On October 21, 2009, Petitioner, who was fifteen years old at the time, strangled and stabbed to death another minor. Petitioner then buried the minor victim's body in a shallow grave that Petitioner had dug five days before. In November 2009, the Cole County, Missouri juvenile office filed a petition asking the juvenile court to relinquish jurisdiction to allow the State of Missouri ("the State") to prosecute Petitioner as an adult. The juvenile court granted the petition to transfer Petitioner's case to a court of general jurisdiction. After transfer, the State charged Petitioner with first-degree murder and armed criminal action. Attorneys Donald Catlett and

Charles Moreland from the Capital Division of the State Public Defender's Office entered their appearances on Petitioner's behalf, and trial was scheduled for January 26, 2012.

On January 10, 2012, Petitioner appeared before the Circuit Court, with counsel, to plead guilty to a substitute information charging Petitioner with the lesser included offense of second-degree murder and armed criminal action. At the time of the guilty plea, Petitioner was seventeen years old. During the plea hearing, Petitioner acknowledged that her guilty plea was not pursuant to any particular sentence; rather, the Circuit Court would determine the sentence.

On February 6 and 8, 2012, the Circuit Court held a sentencing hearing. After hearing evidence, the Circuit Court sentenced Petitioner to a life sentence in state custody, with the possibility of parole, for second-degree murder, to be followed by a consecutive 30-year custodial sentence for armed criminal action. Petitioner did not file a direct appeal.[1]

On August 3, 2012, Petitioner timely filed a pro se motion for post-conviction relief. Counsel Gary Brotherton filed an amended motion for post-conviction relief ("PCR") on Petitioner's behalf, asserting five claims for relief under Missouri Supreme Court Rule 24.035, as follows: (1) Mo. Rev. Stat. § 565.020 is unconstitutional as applied to juveniles; (2) Petitioner's sentence of life plus 30 years, with the possibility of parole, is unconstitutional for a juvenile because the possibility of parole is "virtually nonexistent"; (3) ineffective assistance of counsel because Petitioner would not have pleaded guilty but for trial counsel's failure to consult with her about the pendency of Miller v. Alabama, 132 S. Ct. 2455 (2012); (4) ineffective assistance of counsel because trial counsel was deficient in investigating Petitioner's mental health; and (5) ineffective assistance of counsel for trial counsel's failure to seek remand of Petitioner's case back

---

[1] Direct appellate review from a guilty plea in Missouri "is restricted to the subject-matter jurisdiction of the trial court and the sufficiency of the information or indictment." State v. Sharp, 39 S.W.3d 70, 72 (Mo. Ct. App. 2001).

to juvenile court. ("PCR motion"). On March 6, 2014, after an evidentiary hearing, the Circuit Court denied Petitioner's PCR motion.

Counsel Elizabeth Unger Carlyle filed an appeal of the Circuit Court's denial decision on the PCR motion. Petitioner's PCR appeal raised three grounds: (1) ineffective assistance of counsel for trial counsel's failure to consult regarding Miller, such that Petitioner's guilty plea was not knowing and voluntary; (2) violation of Petitioner's rights to due process of law and to be free from cruel and unusual punishment because Petitioner was a juvenile charged under Mo. Rev. Stat. § 565.020 with first degree murder, which carries a penalty of death, or life without the possibility of parole, such the statute does not contain a constitutional penalty for juveniles after Miller; and (3) ineffective assistance of counsel for trial counsel's failure to challenge the juvenile court's determination that Petitioner should be certified as an adult.

On September 29, 2015, the Court of Appeals for the Western District of Missouri denied Petitioner's PCR appeal and affirmed the Circuit Court's denial of PCR relief on all points raised. On October 27, 2015, the Court of Appeals denied Petitioner's motion for rehearing and/or motion to transfer to the Missouri Supreme Court. On January 27, 2016, the Missouri Supreme Court denied Petitioner's application to transfer from the Court of Appeals. (Doc. #10-16).

On August 1, 2016, Petitioner filed the instant motion for habeas relief in this Court. (Doc. #1). Respondents Angela Mesmer and Eric Schmitt[2] filed a responsive brief (Doc. #10), and Petitioner filed a traverse (Doc. #16). Petitioner presents the following claims under 28 U.S.C. § 2254:

> Ground 1:    Petitioner was denied due process of law because the State charged her under a statute without a constitutional penalty for offenders under the age of 18.

---
[2] Eric Schmitt is substituted for Chris Koster as Defendant the Missouri Attorney General. Fed. R. Civ. P. 25(d).

Ground 2:     Petitioner was denied effective assistance of trial counsel when she was advised to plead guilty without knowledge that <u>Miller</u> was pending before the United States Supreme Court.

Ground 3:     Petitioner was denied effective assistance of trial counsel when trial counsel failed to challenge the juvenile court's decision to try Petitioner as an adult.

Ground 4:     Petitioner was denied effective assistance of trial counsel when counsel failed to present evidence of Petitioner's traumatic childhood and mental illness during the sentencing hearing.

Ground 5:     Petitioner was denied effective assistance of trial counsel when counsel failed to file a motion to disqualify the trial judge from hearing the sentencing proceedings because the same judge was aware of suppressed evidence.

Ground 6:     Petitioner's guilty plea was not knowing and voluntarily made because she had been held in solitary confinement for the prior nine months preceding the plea hearing.

Ground 7:     Petitioner was denied effective assistance of trial counsel when counsel advised her to plead guilty despite the existence of a suppression issue relating to the way in which the victim's body was found.

Ground 8:     Withdrawn.

Ground 9:     Petitioner was denied due process and equal protection of law when during the sentencing hearing, the sentencing court allowed, over objection, witnesses to testify that Petitioner was a "monster" who should spend the rest of her life in prison.

Ground 10:     Petitioner was denied effective assistance of trial counsel when counsel advised her to plead guilty despite the existence of a suppression issue relating to Petitioner's diary.

Ground 11:     Petitioner was denied effective assistance of trial counsel when counsel failed to present to the sentencing court the impact Petitioner's immature brain had on her behavior.

Ground 12:     Petitioner was denied due process of law when the State failed to disclose that the victim's mother, who testified during the sentencing hearing, intended to file a civil suit for wrongful death against Petitioner and others.

**LEGAL STANDARD**

A prisoner in state custody may petition a federal court for a writ of habeas corpus "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

"Sections 2254(b) and (c) provide that a federal court may not grant such applications unless, with certain exceptions, the applicant has exhausted state remedies." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d) sets forth an additional limit "[i]f an application includes a claim that has been adjudicated on the merits in State court proceedings." Id. A federal court may not grant habeas relief on a claim that has been ruled on the merits by a state court unless one of the following conditions are present:

> (1) the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or

> (2) the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Regarding the first circumstance, a state court decision is considered contrary to clearly established federal law if the decision sets forth a conclusion that is opposite of that reached by the Supreme Court of the United States on a question of law. Thaler v. Haynes, 103 S. Ct. 1171, 1174 (2010). A state court decision is also considered contrary to clearly established federal law if the state court "decides a case different than the [Supreme] Court on a set of materially indistinguishable facts." Epkins v. Norman, No. 4:11 CV 1546 DDN, 2014 WL 51353, at *4-*5 (E.D. Mo. Jan. 7, 2014) (citing 28 U.S.C. § 2243(d)(1)-(2)). Additionally, a state court decision

involves an unreasonable application of clearly established federal law where "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts." <u>Id.</u>

Regarding the second circumstance, a federal court finding the state court's decision to be based on an unreasonable determination of the facts must adhere to the following: (1) the state court's factual findings are presumed correct; (2) the federal court's review is limited to the record before the state court that adjudicated the claim on the merits; and (3) habeas relief is proper only if the petitioner presents "[c]lear and convincing evidence that [the state court's] factual findings lack evidentiary support." <u>Id.</u> (citing 28 U.S.C. § 2254(e)(1); <u>Wood v. Allen</u>, 240 S. Ct. 841, 845 (2010)).

In sum, a federal court is bound to "exercise only limited and deferential review of underlying State court decisions." <u>Lumholt v. Iowa</u>, 327 F.3d 748, 751 (8th Cir. 2003). Relief under § 2254 is appropriate only if the petitioner demonstrates "that the challenged State court ruling rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Boyd v. Steele</u>, No. 4:13CV257 CDP, 2016 WL 880389, at *2 (E.D. Mo. Mar. 6, 2016) (citing <u>Metrish v. Lancaster</u>, 133 S. Ct. 1781, 1786, 1787 (2013) (quoting <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786-87 (2011))).

**ANALYSIS**

Petitioner asserts claims for violations of the right to effective assistance of counsel (Grounds 2, 3, 4, 5, 7, 10, 11) and the right to due process of law (Grounds 1, 6, 9, 12). Respondent argues none of Petitioner's claims, under the standards implicated, entitle Petitioner to relief, or even an evidentiary hearing.

**A.    Petitioner's claims are timely filed.**

A federal court may only consider a timely petition for habeas relief. Cross-Bey v. Gammon, 322 F.3d 1012 (8th Cir. 2003). A timely-filed § 2254 petition must be filed within one year of the state court's final judgment. 28 U.S.C. § 2254(d)(1).

In this case, Petitioner filed the instant motion for habeas relief on August 1, 2016, within one year of the Missouri Supreme Court's denial of Petitioner's application to transfer on January 27, 2016. Respondents concede Petitioner's claims are timely filed under the statute. Thus, the Court may properly consider the instant petition for relief.

**B.    Petitioner has exhausted state remedies.**

Federal habeas relief for a state prisoner is potentially available only if "it appears that the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A).

The exhaustion requirement is met if the petitioner has either fairly presented his claims first in state court, or if there are no currently available non-futile state remedies. Smittie v. Bowersox, 843 F.2d 295, 296 (8th Cir. 1988). Regarding the "fair presentation" avenue, the state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before a federal court can properly consider those issues. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Regarding the "no available remedies" avenue, "the federal court still may not reach the merits of the petitioner's claim unless the petitioner: (1) demonstrates adequate cause to excuse his state court default, and actual prejudice resulting from the alleged unconstitutional error; or (2) that a fundamental miscarriage of justice would occur in the absence of federal review." Smith v.

<u>Bowersox</u>, No. 4:04CV00074 RWS (FRB), 2007 WL 748462, at *4 (E.D. Mo. Mar. 7, 2007) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)).

Respondents do not dispute Petitioner has met the exhaustion requirement of § 2254(b). The Court finds Petitioner has met § 2254(b)'s exhaustion requirement, and the claims not fairly presented to the Missouri courts are procedurally barred. <u>State ex rel Simmons v. White</u>, 866 S.W.2d 443, 445-46 (Mo. 1993) (habeas claim not previously presented in state court is procedurally defaulted and, in order to present the claim in federal court, the default must be overcome).

      C.        **<u>Martinez</u> may apply to ineffective assistance claims.**

Just as a federal court may not review the merits of a habeas claim that clearly rests "on a state law ground that is independent of the federal question and adequate to support the judgment," a federal court may not review the merits of habeas claim that was not fairly presented to the state court in the first instance. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729, 730 (1991).

In order to preserve issues for federal habeas review, a state prisoner must fairly present the habeas claims to the state court on direct appeal and/or in post-conviction proceedings. <u>Sweet v. Delo</u>, 125 F.3d 1144, 1149 (8th Cir. 1997). A claim is considered "fairly presented" in state court if the claim "refer[s] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." <u>Abdullah v. Groose</u>, 75 F.3d 408, 411-12 (8th Cir. 1996); <u>King v. Kemna</u>, 266 F.3d 816, 821 (8th Cir. 2001); <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997). A claim which is "merely similar" to that presented to the state court is insufficient; the claim presented in federal court must rest on the "same factual grounds and legal theories" as presented in state court. <u>Joubert v. Hopkins</u>, 75 F.3d 1232, 1240 (8th Cir. 1996); <u>Abdullah</u>, 75 F.3d at 412. A claim presented in

federal court that does not meet these requirements is procedurally defaulted. Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2012).

In limited circumstances, procedural default of a claim might be overcome upon (1) petitioner's demonstration of cause for the failure to present the claim in state court and resulting actual prejudice; or (2) a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. at 750). Under Coleman, "ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." Wooten, 578 F.3d at 778 (citing 501 U.S. 752-55).

However, the Supreme Court's holding in Martinez v. Ryan created a limited exception to this rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012). In sum, a habeas petitioner may show cause to excuse the procedural default of a claim for ineffective assistance of trial counsel if state law allows the claim of the first time on collateral review, and petitioner demonstrates the following: (1) post-conviction counsel was ineffective under Strickland v. Washington, 466 U.S. 688 (1984); and (2) the otherwise defaulted claim of ineffective assistance of trial counsel under Strickland "is a substantial one," meaning that the claim of ineffective assistance of counsel has some merit." Martinez, 566 U.S. at 14.

**D.     Petitioner's claims previously presented to state court (Grounds 1, 2, 3) are not based on an unreasonable application of the law or an unreasonable determination of the facts.**

Under the AEDPA, a federal court reviewing a properly exhausted habeas claim should use the following three-step analytical framework. First, the federal court determines whether a

constitutional violation occurred. <u>Panetti v. Quarterman</u>, 551 U.S. 930, 948 (2007). Second, if the answer to the first question is yes, then the court determines whether the state court decision on the claim was either (i) contrary to or involved an unreasonable application of clearly established law; or (ii) was based on an unreasonable determination of fact. <u>Id.</u> Third, if the answer to the second question is yes, the court should review the constitutional issue de novo. <u>Id.</u>

### 1.   Petitioner's Ground 1 is denied.

In Ground 1, Petitioner asserts a violation of due process because she was charged with first degree murder under Mo. Rev. Stat. § 565.020, which, at the time, carried a statutory mandatory penalty of death or life without the possibility of parole. Petitioner argues, because she was a juvenile, § 565.020 was void as applied to her, in light of the Supreme Court's rulings in <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012) and <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718 (2016). In opposition, Respondents argue the state court's adjudication of this claim did not involve an unreasonable application of clearly established law or an unreasonable determination of fact. Further, Respondents counter that Petitioner pleaded guilty to Missouri's second degree murder statute, and was thus sentenced to life imprisonment with the possibility of parole.

<u>Miller v. Alabama</u>, which was pending before the Supreme Court during the pendency of Petitioner's criminal case in state court, "held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718, 725 (2016) (citing <u>Miller</u>, 132 S. Ct. 2455 (2012)). <u>Montgomery</u> held <u>Miller</u> to identify a substantive constitutional rule that is retroactive on state collateral review. 136 S. Ct. at 728.

The state appellate court reviewing the denial of Petitioner's PCR application considered and rejected Petitioner's Ground 1, thus affirming the Circuit Court's denial decision. The state court concluded that the Missouri Supreme Court had previously addressed and rejected Petitioner's argument on the basis that the Eighth Amendment does not categorically bar a sentence of life-without for juvenile offenders; rather, <u>Miller</u> holds such a sentence is permissible as long as life-without is not a mandatory sentence and the sentencing court undertakes certain considerations and makes certain findings.

In this case, Petitioner asserts she would not have pleaded guilty to second degree murder if she had not been charged with first degree murder, and under the retroactive application of <u>Miller</u>, because Petitioner was a juvenile, § 565.020 did not provide a valid penalty, thus rendering the statute void as applied. Consistent with the state court's adjudication of this claim, Petitioner pleaded guilty to second degree murder and was sentenced to life with (as opposed to without) the possibility of parole, and to the extent such claim has not been waived through Petitioner's plea to a different statute, the Court finds the record presents no <u>Miller</u> violation. <u>Miller</u> does not preclude sentencing a juvenile offender to life without outright; rather, <u>Miller</u> requires the sentencing court to consider principles of juvenile sentencing before determining a sentence of life without is an appropriate sentence. Because a sentence of life without the possibility of parole for a juvenile homicide offense is not per se unconstitutional under <u>Miller</u>, the Court declines to find the § 565.020 void as applied. Ground 1 is denied.

## 2.    Petitioner's Ground 2 is denied.

In Ground 2, Petitioner asserts ineffective assistance of trial counsel because while counsel advised her to plead guilty to second degree murder, counsel failed to communicate the possible import of the decision in <u>Miller</u> on Petitioner's first degree murder charge and sentence, thus

rendering Petitioner's plea not intelligently and voluntarily made. Respondents counter the state court's adjudication of this claim is not based on unreasonable application of the law or an unreasonable determination of the facts. Respondents further assert that a defendant's plea is not rendered invalid by a misapprehension of all relevant factors bearing on the decision to plea, including the possibility that the maximum penalty applicable is later found inapplicable based on a subsequent determination.

The state court deferred to the PCR court's credibility findings during the evidentiary hearing that trial counsel had advised Petitioner about the pendency of Miller, and explained its import to Petitioner in the course of counsel's representation.

A claim for ineffective assistance of counsel arising under the 6th and 14th Amendments is assessed under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To establish a right to relief under Strickland, a petitioner must show the following: (1) deficient performance; and (2) prejudice. 466 U.S. at 688.

Counsel's representation is considered deficient if it falls below an "objective standard of reasonableness." Id. Counsel has "a duty to bear such skill and knowledge as will render the proceeding a reliable adversarial testing process." Strickland, 466 U.S. at 688. The requisite skills include knowledge of the law; "[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance . . . ." Hinton v. Alabama, 134 S. Ct. 1081, 1089 (2014).

"To establish prejudice, the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The question is not whether the defendant would more likely than not have received a

different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 434 (1995).

In this case, trial counsel's representation cannot be said to have fallen below an objective standard of reasonableness, at least in part because a failure to predict a change in the law does not amount to ineffective assistance. Johnson v. Armontrout, 923 F.2d 107, 108 (8th Cir. 1991), cert. denied, 502 U.S. 831 (1991). Moreover, as discussed in the section above, even after Miller, if Petitioner had proceeded to trial and been convicted under § 566.020, she could have still been sentenced to life without the possibility of parole, as long as the sentencing court considered special factors. The Court thus finds no constitutional violation. Ground 2 is denied.

### 3. Petitioner's Ground 3 is denied.

In Ground 3, Petitioner argues trial counsel was ineffective for failing to challenge the certification of fifteen-year-old Petitioner's case to adult court. In opposition, Respondents argue the state court's rejection of this claim is entitled to deference.

The state court considered this claim on PCR appellate review. The appellate court affirmed the PCR court's findings that Petitioner had abandoned this claim by not presenting any evidence relative to it during the evidentiary hearing, particularly because though trial counsel testified during the hearing, PCR counsel did not elicit any testimony about trial counsel's decision not to challenge the juvenile court certification. The appellate court further affirmed the PCR court's determinations that Petitioner did not demonstrate that a motion to remand to juvenile court would have been successful, her case was not properly certified under the applicable law, and/or that counsel's failure to seek remand to juvenile court effected the voluntary nature of Petitioner's plea.

As referenced above, a claim for ineffective assistance requires a petitioner to show: (1) deficient performance; and (2) prejudice. Strickland, 466 U.S. at 688.

In this case, though PCR counsel asserted this claim, no evidence was presented in support of it during the PCR evidentiary hearing. Under Missouri law, a failure to present evidence to support a claim at the hearing constitutes abandonment. Cole v. Missouri, 223 S.W.3d 927, 931-32 (Mo. Ct. App. 2007). "It is a basic doctrine of law that if a state court's resolution of an issue rests on a state law procedural ground that is independent of federal law and adequate to support the state court's judgment, a federal court will not review the issue in a habeas action." Grubbs v. Delo, 948 F.2d 1459, 1462 (8th Cir. 1991). Based on the state appellate court's finding that Petitioner waived this claim pursuant to state procedural rules, this Court defers to the state court's determination. To the extent the state court's decision includes secondary findings on the merits with respect to this claim, the Court finds the decision is not based on an unreasonable application of law or an unreasonable determination of facts.

Petitioner argues Martinez applies to excuse procedural default because PCR counsel was ineffective for failing to present evidence of trial counsel's deficient performance relating to proceedings before the juvenile court and/or trial counsel's failure to file a motion to dismiss. Even assuming PCR counsel was ineffective for failing to pursue this claim during the PCR evidentiary hearing, Petitioner does not establish that, consistent with the state court's findings, a motion to remand to juvenile court would have been successful. Moreover, the decision to certify Petitioner's case for adult court was based at least in part on the crime's violent nature, which Petitioner concedes would not been impacted by further evidentiary presentation. Consequently, even if trial counsel's failure to challenge the adult certification fell below an objective standard or reasonableness, the record does not establish prejudice. Finally, Petitioner pleaded guilty, which,

under Missouri law, waives claims of ineffective assistance, except for deficiencies affecting the voluntariness and knowledge of the plea. <u>Worthington v. Missouri</u>, 166 S.W.3d 566, 573 (Mo. 2005). The record presents no basis for the conclusion that but for trial counsel's failure to file a motion to dismiss the adult certification, Petitioner would not have pleaded guilty. The Court thus concludes <u>Martinez</u> does not excuse procedural default of any aspect of Ground 3 because even if PCR counsel was ineffective, Petitioner does not make a substantial showing of ineffective assistance of trial counsel. Ground 3 is denied.

      **E.    Petitioner's claims not previously presented to state court (Grounds 4, 5, 6, 7, 9, 10, 11, 12) are procedurally defaulted.**

      The following claims were not previously presented for state court adjudication: (i) Ground 4, asserting ineffective assistance of trial counsel based on failure to present evidence of Petitioner's traumatic childhood and mental illness at sentencing; (ii) Ground 5, asserting ineffective assistance of trial counsel for failure to file a motion to disqualify the trial judge from presiding over Petitioner's sentencing proceedings; (iii) Ground 6, arguing Petitioner's plea was not knowing and voluntary because Petitioner had been held in solitary confinement; (iv) Ground 7, arguing ineffective assistance for advising Petitioner to plead guilty despite an existing arguably meritorious suppression issue relating to the location of the victim's body;[3] (v) Ground 9, asserting denial of due process and equal protection based on witness testimony during the sentencing hearing; (vi) Ground 10, asserting ineffective assistance for advising Petitioner to plead guilty despite an arguably meritorious suppression issue relating to the Petitioner's diary; (vii) Ground 11, asserting ineffective assistance for failing to present evidence of the impact Petitioner's immature brain had on her behavior; and (viii) Ground 12, asserting violation of due process when

---

[3] Petitioner's traverse indicates withdrawal of Ground 8. (Doc. #16).

the State failed to disclose that one of its sentencing witnesses intended to file a wrongful death civil suit against Petitioner and others.

### 1. Petitioner's Grounds 6, 9, 12 are denied.

As referenced above, § 2254's exhaustion requirement is satisfied only if the petitioner has fairly presented the claims in state court, or if there are no non-futile state remedies available. Smittie, 843 F.2d at 296. Petitioner's Grounds 4, 5, 6, 7, 9, 10, 11, and 12 were not presented to the state court for adjudication in the first instance. Further, for Petitioner's Grounds 6, 9, and 12 which are not premised on a claim of ineffective assistance of counsel, Petitioner has not established the lack of remaining non-futile state remedies on these claims through the demonstration of cause to excuse default and resulting actual prejudice, or a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Consequently, the record presents no basis to excuse Petitioner's procedural default of Grounds 6, 9, and 12, and these points are denied.

### 2. Petitioner's Grounds 4, 5, 7, 10, and 11 are denied.

By contrast, however, application of Martinez might excuse Petitioner's procedural default on Grounds 4, 5, 7, 10, and 11, which each assert claims of ineffective assistance of trial counsel. In 2012, the Supreme Court created a narrow exception to Coleman's general rule that a claim of ineffective assistance of counsel during state post-conviction proceedings cannot excuse procedural default. 501 U.S. 752-55. In Martinez, the Supreme Court held that a habeas petitioner may show cause to excuse the procedural default of a claim for ineffective assistance of trial counsel if state law allows the claim of the first time on collateral review, and petitioner demonstrates the following: (1) post-conviction counsel was ineffective under Strickland v. Washington, 466 U.S. 688 (1984); and (2) the otherwise defaulted claim of ineffective assistance

of trial counsel under Strickland "is a substantial one," meaning that the claim of ineffective assistance of counsel has some merit." Martinez, 566 U.S. at 14.

Based on the record presented in this case, the Court undertakes the Martinez analysis, assuming, without deciding, that Petitioner's PCR counsel was ineffective under Strickland, based on PCR counsel's affidavit indicating that his own mental health issues impacted his representation of Petitioner during PCR proceedings, and he did not strategically exclude any claims from the PCR motion. This assumption, for purposes of analysis, satisfies the first step of Martinez analysis; therefore, whether Petitioner makes a substantial showing of ineffective assistance of trial counsel in Grounds 4, 5, 7, 10, and 11 is dispositive of whether Martinez applies to excuse Petitioner's procedural default on these claims.

a.     **Petitioner's Grounds 4 and 11 are denied.**

Petitioner's Ground 4 asserts ineffective assistance of trial counsel at sentencing for counsel's failure to present evidence of Petitioner's childhood trauma and its impact on Petitioner's life and behavior. Petitioner's Ground 11 asserts ineffective assistance of trial counsel at sentencing for counsel's failure to present evidence of Petitioner's immature brain and the impact Petitioner's childhood experiences may have had on her brain while it was developing. Because Grounds 4 and 11 rely on the expert opinions of Dr. Victoria Reynolds, the Court considers these claims together.

The sentencing transcript reflects trial counsel's roadmap for the presentation of evidence on behalf of Petitioner during the sentencing hearing. Counsel states the intent to present evidence of Petitioner's chaotic childhood, history of mental illness, emotional disturbances, brain development, and psychological treatment. Trial counsel called Dr. Johnstone to provide expert opinion evidence relating to Prozac and its potential impact on Petitioner's mental health. Dr.

Johnstone never evaluated Petitioner; rather, his opinions were based on her medical records.

Additionally, counsel called Petitioner's father to testify about the family's history of mental health issues and the circumstances of Petitioner's early childhood, as well as Petitioner's grandmother to testify about Petitioner's childhood exposure and observation of violent acts. Petitioner's grandmother, school counselor, and two nurses testified about Petitioner's history of self-harm. Counsel also offered the testimony of Mr. Wilson, who evaluated Petitioner's need for behavioral health services, and Dr. Schultz, retained by defense counsel to complete a psychological evaluation of Petitioner, developed in part through interviews with Petitioner and her family members. Counsel also called Dr. Daniel, a forensic psychiatrist who opined on Petitioner's mental health diagnoses and family history. Finally, counsel offered the deposition testimony of Dr. Orrison, a pediatric neuroradiologist, who testified about Petitioner's brain development. Dr. Orrison opined with reference to an MRI depicting Petitioner's brain as not fully myelinated, and thus "a normal teenage brain," which would not have the same decision-making capabilities as a fully-developed adult brain.

Under Strickland, decisions relating to the selection of witnesses are matters of trial strategy. 466 U.S. at 590; United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005). To establish prejudice based counsel's failure to call a particular witness, a petitioner must show that the witness' testimony "would have probably changed the outcome . . . ." Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996).

In this case, Petitioner's Grounds 4 and 11 assert Dr. Reynolds' testimony would have presented a global view of Petitioner's mental health history and treatment and identified specific incidents of childhood trauma not otherwise presented to the sentencing court. Further, Petitioner asserts Dr. Reynolds' opinions would have impacted the sentencing hearing because Dr. Reynolds

offers opinions otherwise not presented at sentencing relating to Petitioner's history of childhood sexual abuse. Dr. Reynolds opines that Petitioner exhibits signs of early childhood sexual abuse that occurred so early in Petitioner's life that, though these experiences affected her emotional and mental health, Petitioner cannot recall or describe the incidents.

Though Dr. Reynolds' testimony may have added a dimension to defense counsel's presentation at the sentencing hearing, the Court finds trial counsel's failure to call Dr. Reynolds does not equate to deficient performance with respect to either Grounds 4 or 11. During the sentencing hearing, trial counsel elicited testimony from Dr. Schultz that Petitioner had not reported any history of sexual abuse; however, Dr. Schultz's testimony suggests her opinion that sexual abuse may have occurred in at least one instance involving Petitioner's mother's boyfriend. Dr. Schultz's opinion, considered alongside testimony of an otherwise chaotic upbringing, history of familial mental health issues, and the impact of a developing brain on decision-making, suggests Petitioner potentially experienced childhood sexual abuse in the same way that Dr. Reynolds suggests that Petitioner potentially experienced childhood sexual abuse. Because Dr. Reynolds' testimony is cumulative of other testimony presented during the sentencing hearing, Petitioner does not establish a <u>Strickland</u> violation. <u>Hall v. Luebbers</u>, 296 F.3d 685, 694 (8th Cir. 2002). Consequently, Petitioner does not make a substantial showing of ineffective assistance of trial counsel, <u>Martinez</u> does not apply, and Grounds 4 and 11 are procedurally defaulted and denied.

### b. Petitioner's Ground 5 is denied.

Petitioner's Ground 5 asserts ineffective assistance of trial counsel based on counsel's failure to file a motion to disqualify the Circuit Judge from presiding over Petitioner's sentence hearing. Petitioner argues that because the Circuit Judge was aware of inadmissible evidence – specifically, portions of Petitioner's confession that were obtained in violation of the rules of

juvenile confessions – the Circuit Judge could not have sentenced Petitioner impartially, and the sentencing phase of Petitioner's case should have been re-assigned to another judge. In opposition, Respondents argue Petitioner waived this claim by pleading guilty because this ineffective assistance claim does not relate to the voluntary or knowing nature of her plea, Petitioner cannot show that but-for counsel's failure to file a motion to disqualify she would not have pleaded guilty, and, as a general premise, a court is presumed to know and follow the law, and is presumed to be impartial.

In this case, and in the absence of binding legal authority to support Petitioner's argument, the Court concludes counsel's failure to file a motion to disqualify does not amount to a Strickland violation. First, as noted above, Petitioner's guilty plea waived her claims to ineffective assistance, except those bearing on the voluntary or knowing nature of the plea. Worthington, 166 S.W. 3d at 573; United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001). Second, Petitioner does not demonstrate prejudice. A court is presumed to know the law, follow the law, and be impartial. Walton v. Arizona, 497 U.S. 639, 653 (1990); Bannister v. Delo, 100 F.3d 610, 614 (8th Cir. 1996). Under Missouri law, the decision to grant a request to disqualify is left to the judge in front of whom the case is pending. State v. McDaniel, 236 S.W. 3d 127, 135 (Mo. Ct. App. 2007). "[A] judge is entitled to the presumption that he will not undertake to preside at a trial in which he cannot be impartial." Id. Thus, the judge presiding over a case is charged with evaluating he or she is biased or impartial in a way that might threaten the proceeding's fundamental fairness. Id. There is nothing in the record to indicate that the Circuit Judge considered this case to be one in which she could not be impartial, such that a motion to disqualify might be granted. Therefore, Petitioner has not made a substantial showing of ineffective assistance of trial counsel, Martinez does not apply, and this claim is procedurally defaulted and denied.

### c.    Petitioner's Grounds 7 and 10 are denied.

In Grounds 7 and 10, Petitioner asserts ineffective assistance because trial counsel advised Petitioner to plead guilty despite the existence of two suppression issues that Petitioner asserts would have resolved in Petitioner's favor on direct appeal. In opposition, Respondents argue Petitioner waived any argument based on evidentiary issues by pleading guilty.

Petitioner's Ground 7 relates to Petitioner's motion to suppress relative to Petitioner's statements to juvenile law enforcement officers. The Circuit Court granted Petitioner's motion to suppress, and entered an order finding most of Petitioner's interview with law enforcement inadmissible. Thereafter, trial counsel made a motion to suppress all evidence derived from the finding of the victim's body, which was discovered as a result of Petitioner's statements which the Court found inadmissible as improperly elicited. The Circuit Court denied this suppression motion on the basis of inevitable discovery, since the body, with which the victim's cell phone was buried, would have been found using cell phone towers.

Petitioner's Ground 10 relates to the Circuit Court's decision to deny Petitioner's motion to suppress Petitioner's diary. The Circuit Court found Petitioner's diary obtained through search and seizure that complied with the Fourth Amendment.

As referenced above, by pleading guilty, Petitioner waived claims of ineffective assistance on all issues except those relating to the voluntariness and knowing nature of the plea. Worthington, 166 S.W. 3d at 573; Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989). Petitioner does not argue, and the record does not suggest, she would not have pleaded guilty but for counsel's failure to advise her that if she challenged the Circuit Court's suppression rulings on direct appeal, the appellate court might have resolved those issues in her favor. As a result, Petitioner cannot establish Strickland's prejudice prong and does not demonstrate a substantial

ineffective assistance claim. Thus, <u>Martinez</u> does not apply to excuse procedural default of these claims, and Grounds 7 and 10 are denied.

**F.      A certificate of appealability will not issue.**

For the reasons stated above, the Court finds Petitioner is not entitled to relief under § 2254 based on the grounds presented and discussed above. The Court further concludes Petitioner has not made a substantial showing of the denial of a constitutional right, such that the issues Petitioner presents are debatable among jurists of reason. <u>Randolph v. Kemna</u>, 276 F.3d 401, 403, n. 1 (8th Cir. 2002) (citing 28 U.S.C. § 2253(c)(2). The Court thus declines to issue a certificate of appealability. Accordingly, it is hereby

ORDERED Petitioner Alyssa D. Bustamante's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody is DENIED. The Court further declines to issue a certificate of appealability.

IT IS SO ORDERED.


DATED: <u>September 30, 2019</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT